UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| JALINSKI ADVISORY GROUP, INC.<br><br>    Plaintiff/Counter-Defendant,<br><br>v.<br><br>FRANK KARPACK,<br><br>    Defendant/Counter-Plaintiff. | Case No. 2:18-cv-00036-WJM-MF<br><br>**ANSWER TO COUNTERCLAIMS** |

  Plaintiff and counterclaim defendant Jalinski Advisory Group, Inc. ("JAG"), by and through its undersigned counsel, hereby responds to the allegations in the Counterclaims of defendant and counterclaim plaintiff Frank Karpack ("Defendant"), dated March 23, 2018 ("Counterclaims"), as follows:

### AS TO "PARTIES"

  2. JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the Counterclaims.

  3. JAG admits the allegations contained in Paragraph 3 of the Counterclaims.

### AS TO "JURISDICTION"

  4. Paragraph 4 of the Counterclaims states a legal conclusion to which no response is required.

  5. Paragraph 5 of the Counterclaims states a legal conclusion to which no response is required.

  6. Paragraph 6 of the Counterclaims states a legal conclusion to which no response it required, except JAG admits that it commenced this action in this judicial District.

## AS TO "BACKGROUND"

7. JAG admits the allegations contained in Paragraph 7 of the Counterclaims.

8. JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the primary location of Defendant's clients, but admits that Defendant provides financial planning, management and advisory and investment management services.

9. JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Counterclaims.

10. JAG denies the allegations contained in Paragraph 10 of the Counterclaims.

11. JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Counterclaims.

12. JAG admits the allegations contained in Paragraph 12 of the Counterclaims insofar as JAG's counsel sent a cease and desist letter to Defendant in connection with Defendant's unlawful use of the phrase "Financial Quarterback."

13. JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Counterclaims.

14. JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Counterclaims.

15. JAG admits the allegations contained in Paragraph 15 of the Counterclaims insofar as Defendant has denied infringing upon JAG's registered marks.

## AS TO "JALINSKI'S TRADEMARK REGISTRATIONS"

16. JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Counterclaims, and further refers the Court to the documents or databases referenced therein for their full content and context.

17. Paragraph 17 contains conclusions of law and argument to which no response is required. To the extent a response is required, JAG denies that its marks are generic, merely descriptive, or otherwise cancellable.

18. JAG denies the allegations contained in Paragraph 18 of the Counterclaims, and further refers the Court to the documents referenced in Paragraph 18 for their full content and context.

19. JAG denies the allegations contained in Paragraph 19 of the Counterclaims.

20. JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Counterclaims, and further denies that any such purported usage of the terms referenced in Paragraph 20 was or would have been lawful in respect of JAG's marks and usage of such terms.

21. JAG denies the allegations contained in Paragraph 21 of the Counterclaims, and further refers the Court to the documents referenced in Paragraph 21 for their full content and context.

22. JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the Counterclaims, refers the Court to the documents referenced in Paragraphs 21 and 22 for their full content and context, and further denies that any such purported usage of the terms referenced in Paragraphs 21 and 22 was or would have been lawful in respect of JAG's marks and usage of such terms.

23. JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of the Counterclaims, refers the Court to the documents referenced in Paragraphs 21 and 23 for their full content and context, and further

denies that any such purported usage of the terms referenced in Paragraphs 21 and 23 was or would have been lawful in respect of JAG's marks and usage of such terms.

24. JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of the Counterclaims, refers the Court to the documents referenced in Paragraphs 21 and 24 for their full content and context, and further denies that any such purported usage of the terms referenced in Paragraphs 21 and 24 was or would have been lawful in respect of JAG's marks and usage of such terms.

25. Paragraph 25 of the Counterclaims contains conclusions of law and argument to which no response is required. To the extent a response is required, JAG denies the allegations contained in Paragraph 25 of the Counterclaims.

26. Paragraph 26 of the Counterclaims contains conclusions of law and argument to which no response is required. To the extent a response is required, JAG denies the allegations contained in Paragraph 26 of the Counterclaims.

27. Paragraph 27 of the Counterclaims contains conclusions of law and argument to which no response is required. To the extent a response is required, JAG denies the allegations contained in Paragraph 27 of the Counterclaims.

28. JAG denies the allegations contained in Paragraph 28 of the Counterclaims.

29. JAG denies the allegations contained in Paragraph 29 of the Counterclaims.

30. JAG denies the allegations contained in Paragraph 30 of the Counterclaims.

### AS TO "COUNT I – DECLARATORY JUDGEMENT OF NON-INFRINGEMENT"

31. JAG incorporates all preceding paragraphs as if fully set forth herein.

32. JAG denies the allegations contained in Paragraph 32 of the Counterclaims.

33. JAG denies the allegations contained in Paragraph 33 of the Counterclaims.

34. JAG denies the allegations contained in Paragraph 34 of the Counterclaims.

35. JAG denies the allegations contained in Paragraph 35 of the Counterclaims.

36. JAG denies the allegations contained in Paragraph 36 of the Counterclaims.

37. JAG denies the allegations contained in Paragraph 37 of the Counterclaims.

38. JAG denies the allegations contained in Paragraph 38 of the Counterclaims.

39. JAG denies the allegations contained in Paragraph 39 of the Counterclaims.

40. JAG denies the allegations contained in Paragraph 40 of the Counterclaims.

41. JAG denies the allegations contained in Paragraph 41 of the Counterclaims.

42. JAG denies the allegations contained in Paragraph 42 of the Counterclaims.

43. JAG denies the allegations contained in Paragraph 43 of the Counterclaims.

44. JAG denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 44 of the Counterclaims.

45. JAG denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 45 of the Complaint

46. JAG denies the allegations contained in Paragraph 46 of the Counterclaims.

47. JAG denies the allegations contained in Paragraph 47 of the Counterclaims.

48. JAG denies the allegations contained in Paragraph 48 of the Counterclaims.

49. Paragraph 49 of the Counterclaims contains conclusions of law and argument to which no response is required. To the extent a response is required, JAG denies the allegations contained in Paragraph 49 of the Counterclaims.

50. JAG denies the allegations contained in Paragraph 50 of the Counterclaims.

51. JAG denies the allegations contained in Paragraph 51 of the Counterclaims.

## AS TO "COUNT II – CANCELLATION ON GROUNDS MARKS ARE MERELY DESCRIPTIVE AND/OR GENERIC

52. JAG incorporates all preceding Paragraphs as if fully set forth herein.

53. JAG denies the allegations contained in Paragraph 53 of the Counterclaims.

54. JAG denies the allegations contained in Paragraph 54 of the Counterclaims.

55. JAG denies the allegations contained in Paragraph 55 of the Counterclaims.

56. JAG denies the allegations contained in Paragraph 56 of the Counterclaims.

57. JAG denies the allegations contained in Paragraph 57 of the Counterclaims.

58. JAG denies the allegations contained in Paragraph 58 of the Counterclaims.

59. JAG denies the allegations contained in Paragraph 59 of the Counterclaims.

60. JAG denies the allegations contained in Paragraph 60 of the Counterclaims.

61. JAG denies the allegations contained in Paragraph 61 of the Counterclaims.

62. JAG denies the allegations contained in Paragraph 62 of the Counterclaims.

63. JAG denies the allegations contained in Paragraph 63 of the Counterclaims.

64. JAG admits the allegations contained in Paragraph 64 of the Counterclaims.

## AFFIRMATIVE DEFENSES

In further response to the Counterclaims, JAG asserts the following affirmative defenses. By alleging the defenses set forth below, JAG does not intend to alter the burden of proof and/or burden of going forward with evidence that otherwise exists with respect to any particular issue. Moreover, JAG pleads all affirmative defenses in the alternative, and they do not constitute an admission of liability or that the Defendant is entitled to any relief whatsoever. JAG reserves the right to raise additional affirmative defenses as they become known to it through discovery and investigation.

### FIRST AFFIRMATIVE DEFENSE

The Counterclaims, and each and every claim for relief therein, fail to allege facts sufficient to state a claim for relief against JAG.

### SECOND AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Defendant has not sustained any injury or damage as a result of any act or conduct of JAG and JAG has at all times acted with innocent intent.

### FOURTH AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred on the grounds waiver, laches and estoppels.

### FIFTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred on the basis that this Court lacks primary jurisdiction.

### SIXTH AFFIRMATIVE DEFENSE

JAG's marks are valid and enforceable.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant has infringed on JAG's marks.

### JURY TRIAL DEMAND

JAG demands a trial by jury on all issues so triable.

**WHEREFORE**, plaintiff and counterclaim defendant JAG demands judgment in its favor and against defendant and counterclaim plaintiff Frank Karpack, as follows:

    A.    Dismissing the Counterclaims in their entirety with prejudice;

    B.    Judgment that Defendant has:

a. Willfully infringed JAG's Class 41 Trademark, Class 36 Trademarks and Class 35 Trademark in violation of § 1114 of Title 15 in the United States Code;

b. Willfully engaged in unfair competition and/or used false designations of origin in violation of § 1125(a) of Title 15 in the United States Code;

c. Willfully diluted JAG's Class 41 Trademark, Class 36 Trademarks and Class 35 Trademark in violation of § 1125(c) of Title 15 in the United States Code;

d. Willfully infringed JAG's "Financial Quarterback Trademark" and engaged in unfair competition in violation of the common law of New Jersey;

e. Willfully committed deceptive acts and unfair trade practices in violation of New Jersey Rev. Stat. § 56:8-2;

f. Willfully committed acts with the intent to deceive or mislead in violation of New Jersey Rev. Stat. § 56:4-1; and

g. Willfully diluted JAG's "Financial Quarterback Trademark" in violation of New Jersey Rev. Stat. § 56:3-13.20.

C. An injunction prohibiting Defendant and each of his agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith from continuing infringement, false designation of origin, unfair competition, and dilution of JAG's "Financial Quarterback Trademark", including at least from selling, offering to sell, distributing or advertising goods and/or services using JAG's "Financial Quarterback Trademark."

D. An order directing the destruction of all advertising materials related to goods and/or services marketed using Defendant's "Financial Quarterback Trademark," including on the Internet;

E.  An award of Defendant's non-duplicative profits, JAG's actual damages, enhanced profits and damages, treble damages, punitive damages, and costs and reasonable attorneys' fees for Defendant's trademark infringements and dilution, and acts of unfair competition and unfair business practices; and

F.  Such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 11, 2018

**BARTON LLP**

By: _/s/ Maurice N. Ross_
Maurice N. Ross

420 Lexington Avenue, 18th Floor
New York, New York 10170
mross@bartonesq.com
*Tel.:* (212) 687-6262
*Fax:* (212) 687-3667

*Attorneys for Plaintiff*
*Jalinski Advisory Group, Inc.*

## CERTIFICATE OF SERVICE

I certify that on the 11th day of April, 2018, I caused to be electronically filed the foregoing Answer to Counterclaims of plaintiff and counterclaim defendant Jalinski Advisory Group, Inc. with the Clerk of the District Court using the CM/ECF system, which sent electronic notification of such filing to the following registered users:

    Paul A. Saso, Esq.
    Paolo A. Strino, Esq.
    Wendy R. Stein, Esq.

    **GIBBONS P.C.**
    One Pennsylvania Plaza, 37th Floor
    New York, New York 10119
    (212) 613-2000
    (212) 290-2018 (Fax)
    *PSaso@gibbonslaw.com*
    *PStrino@gibbonslaw.com*
    *WStein@gibbonslaw.com*

    *Attorneys for Defendant*
    *Frank Karpack*

Dated: April 11, 2018

    /s/ *Maurice N. Ross*
    BARTON LLP
    420 Lexington Avenue, 18th Floor
    New York, New York 10170
    (212) 687-6262
    *mross@bartonesq.com*

    *Attorneys for Plaintiff*
    *Jalinski Advisory Group, Inc.*